IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LEON M. LYNN, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> COMMISSIONER, SOCIAL SECURITY ) <br> ADMINISTRATION, ) <br> ) <br> Respondent. ) <br> _____) | Case No. CV 08-00087-N-REB <br><br> **MEMORANDUM DECISION AND ORDER** |

Now pending before the Court is Leon M. Lynn's Petition for Review (Docket No. 1), seeking review of the Social Security Administration's decision to deny his claim for disability insurance benefits and supplemental security income payments. The action is brought pursuant to 42 U.S.C. § 405(g). Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## I.  ADMINISTRATIVE PROCEEDINGS

Leon M. Lynn ("Petitioner") applied for disability insurance benefits and supplemental security income payments on September 30, 2004, alleging disability beginning June 1, 2003. (AR 18). Both claims were initially denied on April 5, 2006 (AR 18, 52-55) and, again, on reconsideration on July 7, 2005 (AR 18, 48-49, 88-89). On September 8, 2005, Petitioner timely filed a Request for Hearing before an Administrative Law Judge ("ALJ"). (AR 62). On May 10,

**MEMORANDUM DECISION AND ORDER - 1**

2007, ALJ Paul Gaughen held a hearing in Spokane, Washington, at which time Petitioner, represented by attorney Dana C. Madsen, appeared and testified.  (AR 18, 288-324).  A vocational expert, Daniel R. McKinney, also appeared and testified during the same May 10, 2007 hearing.

On July 27, 2007, the ALJ issued a decision denying Petitioner's claims, finding that Petitioner was not disabled within the meaning of the Social Security Act.  (AR 15-30).  Petitioner timely requested review from the Appeals Council on August 3, 2007.  (AR 12-14).  On January 25, 2008, the Appeals Council denied Petitioner's request for review, (AR 5-7), making the ALJ's decision the final decision of the Commissioner of Social Security.

Having exhausted his administrative remedies, Petitioner timely files the instant action, arguing the ALJ's "conclusions and findings of fact . . . are not supported by substantial evidence and are contrary to law and regulation."  *See* Pet. for Review, p. 2 (Docket No. 1).  Specifically, Petitioner asserts the ALJ failed to provide specific and legitimate reasons for rejecting the opinions of certain medical providers, including his treating physician.  *See* Pet.'s Brief, pp. 3-7 (Docket No. 14).  Petitioner requests that the Court reverse the ALJ's decision and order the payment of benefits or, alternatively, remand the case for further medical development and proceedings.  *See id*. at p. 9; *see also* Pet. for Review, p. 2 (Docket No. 1).

## II.  STANDARD OF REVIEW

It is undisputed that the burden of proof rests upon Petitioner to establish an entitlement to disability benefits.  *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  In evaluating the evidence at an administrative hearing, the ALJ must follow a five-part sequential process.  20 C.F.R. §§ 404.1520, 416.920.  Notably, the second part of that process involves a determination

**MEMORANDUM DECISION AND ORDER - 2**

of whether the claimant has a "severe impairment." 20 C.F.R. § 416.905(a). If no "severe" impairment is found, the claimant will be found not to be disabled for the purpose of conferring benefits. 20 C.F.R. §§ 404.1520(c), 416.920(c).

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards. 42 U.S.C. § 405(g); *Matney ex. rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990). The ALJ's findings as to any question of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); *Vidal v. Harris*, 637 F.2d 710, 712 (9th Cir. 1981). In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *Hall v. Sec'y of Health, Educ. & Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979).

"Substantial evidence" is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The standard requires more than a scintilla but less than a preponderance, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the role of the Court is to review the record as a whole to determine whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *See Richardson*, 402 U.S. at 401; *see also Matney*, 981 F.2d at 1019. The ALJ is responsible for determining credibility and resolving conflicts in medical testimony,

**MEMORANDUM DECISION AND ORDER - 3**

*Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984), resolving ambiguities, *see Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984), and drawing inferences logically flowing from the evidence, *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Where the evidence is susceptible to more than one rational interpretation in a disability proceeding, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

With respect to questions of law, the ALJ's decision must be based on proper legal standards and will be reversed for legal error. *Matney*, 981 F.2d at 1019. The ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law. *See id*. However, reviewing federal courts "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

### III.  DISCUSSION

**A.     Sequential Process**

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a five-step sequential process in determining whether a person is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920.

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). SGA is defined as work activity that is both substantial and gainful. "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R. §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually done for pay or profit, whether or not

**MEMORANDUM DECISION AND ORDER - 4**

a profit is realized.  20 C.F.R. §§ 404.1572(b), 416.972(b).  If the claimant has engaged in SGA, disability benefits are denied, regardless of how severe his physical/mental impairments are and regardless of his age, education, and work experience.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If the claimant is not engaging in SGA, the analysis proceeds to the second step.  Here, the ALJ concluded that Petitioner has not engaged in SGA after his alleged onset date.  (AR 20).

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement.  20 C.F.R. § 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  An impairment or combination of impairments is "severe" within the meaning of the Social Security Act if it significantly limits an individual's ability to perform basic work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c).  An impairment or combination of impairments is "not severe" when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work.  20 C.F.R. §§ 404.1521, 416.921.  If the claimant does not have a severe medically determinable impairment or combination of impairments, disability benefits are denied.  20 C.F.R. §§  404.1520(c), 416.920(c).  Here, the ALJ found that Petitioner had the following severe impairments: musculoskeletal impairments of the cervical and lumbar regions of the spine, the left hip, the left knee, the right shoulder, the left foot, and right ankle.  (AR 20).

The third step requires the ALJ to determine the medical severity of any impairments; that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are

**MEMORANDUM DECISION AND ORDER - 5**

awarded. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the claimant's impairments neither meet nor equal one of the listed impairments, the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. *Id*. Here, the ALJ concluded that Petitioner's above-listed impairments, while severe, do not meet or medically equal, either singly or in combination, the criteria established for any of the qualifying impairments. (AR 23).

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's residual functional capacity is sufficient for the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). An individual's residual functional capacity is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. 20 C.F.R. §§ 404.1545, 416.945. Likewise, an individual's past relevant work is work performed within the last 15 years or 15 years prior to the date that disability must be established; also, the work must have lasted long enough for the claimant to learn to do the job and be engaged in substantial gainful activity. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. Here, the ALJ determined that Petitioner has the residual functional capacity to perform a limited range of sedentary work but, due to his limitations, unable to perform any of his past relevant work. (AR 23, 28).

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of his/her impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1520(f), 416.920(f); *see also Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993). If the claimant is able to do other work, he is not disabled; if the

**MEMORANDUM DECISION AND ORDER - 6**

claimant is not able to do other work and meets the duration requirement, he is disabled. Here, the ALJ found that Petitioner maintained the ability to perform a limited range of sedentary work found in significant numbers within the relevant national/regional economy, including hand packager, assembler, and production inspector. (AR 29). Therefore, based on Petitioner's age, education, work experience, and residual functional capacity, the ALJ concluded that he was not under a disability as defined in the Social Security Act at any time through the date of the July 27, 2007 decision. (AR 30).

**B.     Analysis**

Petitioner challenges the ALJ's denial of disability benefits in two similar ways. First, Petitioner argues the ALJ failed to lend the appropriate weight to Dr. G.W. Bagby's opinions regarding Petitioner's ability to perform basic work-related activities. *See* Pet.'s Brief, pp. 3-5 (Docket No. 14). Second, Petitioner argues the ALJ failed to give controlling weight to his primary treating source physician, Dr. Trevor McCrorey.[1]  *See id*. at pp. 5-7.

1.     Dr. Bagby

On or around January 24, 2005, Dr. Bagby conducted a consultive examination of Petitioner at the request of the Washington State Department of Social and Health Services. *See id*. at p. 3. In addition to the four-page report (AR 157-160) generated immediately after the

---

[1] Petitioner's counsel seems to seek to discredit the ALJ's decision in part because the ALJ refers to Dr. McCrorey as Trevor McCrorey, M.D., instead of Dr. *Steven* Trevor McCrorey. *See* Pet.'s Brief, p. 6 (Docket No. 14) (emphasis added). However, a number of Dr. McCrorey's treatment notes clearly refer to him as Trevor McCrorey, M.D. (AR 246, 249, 251, 252, 254-259). Moreover, during the administrative hearing, Petitioner himself refers to Dr. McCrorey as Dr. Trevor McCrorey. (AR 302-303). Therefore, to the extent Petitioner is criticizing the ALJ in this respect, his argument is misplaced. Regardless, all future references will be made to "Dr. McCrorey" to avoid any misstatements or confusion.

**MEMORANDUM DECISION AND ORDER - 7**

January 24, 2005 examination, Dr. Bagby authored[2] a one-page "addendum" on January 28, 2005 (AR 161), following his receipt of three magnetic resonance images from Inland Imaging, LLC (AR 165-1677).  *See* Pet.'s Brief, p. 3 (Docket No. 14).  Both the report and addendum conclude that Petitioner suffers a "severe impairment" and is "able to do severely limited activities from the orthopedic standpoint."  (AR 160, 161).

Yet, Petitioner's objection[3] does not relate to the report or addendum specifically.[4] Instead, Petitioner takes issue with the manner in which the ALJ considered a four-page "physical evaluation"[5] completed by Dr. Bagby on or around January 26, 2005.  *See* Pet.'s Brief, p. 4 (Docket No. 14). That evaluation contains a section (section "E") whereby Dr. Bagby provided his "assessment" of Petitioner's physical condition - to be organized in three columns detailing (1) Petitioner's diagnoses, (2) Petitioner's affected work activities, and (3) the severity of Petitioner's diagnoses.  (AR 163).  While Dr. Bagby outlined Petitioner's diagnoses and their corresponding severities within columns one and three, he does not list *any* affected work activities within column two.  *Id*.  It is this omission that generates the discrete dispute here.

---

[2] The majority of the January 28, 2005 "addendum" - the two paragraphs interpreting two magnetic resonance images - appears to be a quotation from a "Dr. Romano."  (AR 161).

[3] Petitioner did not reference the ALJ's handling of Dr. Bagby's findings when providing notice to the Appeals Council.  (AR 12-14, 285-287).  Some courts have held that a claimant cannot raise legal arguments in district court that were not raised before the Appeals Council. *See, e.g.*, *Griffith v. Callahan*, 138 F.3d 1150 (7th Cir. 1988); *Brewer v. Chater*, 103 F.3d 1384 (7th Cir. 1997).  These rulings, however, are not without criticism.  *See, e.g.*, *Johnson v. Apfel*, 189 F.3d 561, 562-64 (7th Cir. 1999).  Without now resolving that issue, and for completeness sake, this Court will address Petitioner's argument here.

[4] To be sure, the ALJ incorporated Dr. Bagby's January 24, 2005 findings, referencing them at length when contrasting the objective medical evidence against Petitioner's alleged incapacity to work.  (AR 26).

[5] The evaluation itself appears to be a four-page document, however the record contains only three pages; apparently, the second page is missing from the record.

**MEMORANDUM DECISION AND ORDER - 8**

With respect to Dr. Bagby's evaluation, the ALJ stated:

> The undersigned has given little weight to the January, 2005 opinion of C.W. Bagby, M.D., that the claimant would be unable to perform one or more work-related activities because Dr. Bagby did not specify exactly how many or what work-related activities the claimant would not perform.

(AR 28) (citing AR 163).  Petitioner contends the ALJ's position in this respect is a "misstatement of the contents of the Bagby report/addendum[ ] and a mistake of fact" in that "Dr. Bagby indicated in his answer *all* work[-]related activities would be severely limited."  *See* Pet.'s Brief, p. 4 (Docket No. 14) (emphasis in original).  This Court cannot agree.

The evaluation form itself requested that Dr. Bagby "estimate the degree of interference" with Petitioner's ability to perform specific work-related activities.  (AR 163).  The identified work-related activities include:  sitting, standing, walking, lifting, handling, carrying, seeing, hearing, communicating, and understanding/following directions.  *Id*.  By not commenting at all on Petitioner's affected work activities, it does not follow that Dr. Bagby was necessarily of the opinion that *all* of Petitioner's above-referenced work-related activities were severely limited.  Indeed, Dr. Bagby's examination of Petitioner suggests that, while Petitioner walks with a gross limp, he can stand on one foot at a time and can walk on both heels.  (AR 158).  Moreover, there is no obvious reference within the record to Dr. Bagby even being capable of providing any opinion as to Petitioner's ability to see, communicate, and/or understand/follow directions - each a recognized work-related activity.  Therefore, while there is no question that Petitioner suffers from several severe impairments (acknowledged by the ALJ (*see supra* at p. 5)) that no doubt impact his ability to work, it cannot be said that Dr. Bagby's failure to incorporate the specific, affected work activities in his written evaluation amounts to an inferential endorsement that Petitioner is severely limited in each and every basic work-related activity.

**MEMORANDUM DECISION AND ORDER - 9**

Simply put, without highlighting what it is that Petitioner is or is not capable of doing, the utility of Dr. Bagby's evaluation is compromised. Here, the ALJ is not only tasked with determining whether Petitioner is disabled within the meaning of the Social Security Act, but also, equally important, Petitioner's capacity to work in the event he is not considered disabled under the Social Security Act. In these respects, Dr. Bagby's incomplete evaluation arguably raises more questions than it answers. Therefore, the ALJ's decision to give little weight to Dr. Bagby's opinion(s) regarding any restrictions placed on Petitioner's work activities carries clear and convincing, or specific and legitimate reasons for doing so. Because the record offers substantial evidence of these reasons, the Court will not interfere with the ALJ's findings.[6]

2.   Dr. McCrorey

Petitioner next submits "[t]he ALJ failed to give controlling weight to the Petitioner's primary treating source physician[, Dr. McCrorey,] or explain why he failed to do so . . . ." *See* Pet.'s Brief, p. 5 (Docket No. 14). As to Dr. McCrorey, the ALJ stated:

> The undersigned has rejected the opinions of Trevor McCrorey, M.D., the claimant's treating physician. In February of 2006[,] Dr. McCrorey opined that the claimant was disabled from his various injuries and chronic orthopedic problems. In January of 2007[,] he again opined that the claimant was permanently disabled. Although the undersigned will consider the opinion of a medical source with regard to the issue of whether a claimant has an impairment(s) that meets or equals and [sic] listing or on the issue [of] the claimant's functional capacity, the final determination of disability is reserved to the Commissioner. It is for this reason that the undersigned has

---

[6] Petitioner further argues that the ALJ "failed to recognize or comment" upon the fact that Dr. Bagby is a specialist in orthopaedics. *See* Pet.'s Brief, p. 4 (Docket No. 14). According to Petitioner, Dr. Bagby's expertise in the field of orthopaedics required the ALJ to lend "controlling weight" to Dr. Bagby's opinions. *Id*. at pp. 4-5. While a medical specialist's opinion may indeed be given more weight (*see* 20 C.F.R. § 1527(d)(5)), an area of expertise alone cannot compensate for an incomplete evaluation.

**MEMORANDUM DECISION AND ORDER - 10**

>> rejected Dr. McCrorey's conclusion that the claimant is permanently disabled.

(AR 28) (internal citations omitted). Petitioner appears to object to the ALJ's disregard of Dr. McCrorey's opinion that Petitioner is "disabled." (AR 248 and 254).

The Ninth Circuit has held that a treating physician's medical opinion is entitled to special consideration and weight. *Rodriguez v. Bowen*, 876 F.2d 759, 761 (9th Cir. 1989). The treating physician's opinion is given that deference because "he is employed to cure and has a greater opportunity to know and observe the individual." *Id.* Where the treating physician's opinions are not contradicted by another doctor, it may be rejected only for clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Even if the treating physician's opinions are contradicted by another doctor, they can only be rejected if the ALJ provides specific and legitimate reasons, supported by substantial evidence in the record for doing so. *Id.* Regardless, a treating physician's opinion on the ultimate issue of disability is not conclusive. *Rodriguez*, 876 F.2d at 762 (citations omitted); *see also* SSR 96-5P, 1996 WL 374183, *2 ("The regulations provide that the final responsibility for deciding [whether an individual is 'disabled' under the Act] . . . is reserved to the Commissioner."); 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1) ("We are responsible for making the determination or decision about whether you meet the statutory definition of disability.")

Here, there is no dispute that Dr. McCrorey's opinions that Petitioner "is definitely disabled" (AR 248)[7] and is "permanently disabled" (AR 254) are not "medical opinions" to

---

[7] While the majority of medical records from the Spokane Falls Family Clinic, represented within the record as Exhibit 10F, are those of Dr. McCrorey, this February 2, 2006 record bears no signature line such that it is impossible to discern who is making this assessment. However, the Court recognizes the possibility that this record is incomplete given (1) the abrupt,

**MEMORANDUM DECISION AND ORDER - 11**

which controlling weight is lent.  Instead, they are issues "reserved to the Commissioner because they are administrative findings that are dispositive of a case; *i.e.*, that would direct the determination or decision of disability."  20 C.F.R. §§ 404.1527(e), 416.927(e).  Petitioner properly acknowledges this fact.  *See* Pet.'s Brief, p. 6 (Docket No. 14) ("Counsel does not dispute that it is up to the Commissioner to make the final call on whether the Petitioner is disabled.") Therefore, any objection in this respect is without merit.  A finding of "disability" in the Social Security context is an administrative determination that requires the application of a statutory definition by the ALJ.  Dr. McCrorey's use of the word "disability" is likely consistent with the meaning of the word as used by the general public and therefore inconsistent with the more nuanced Social Security definition; otherwise, Dr. McCrorey would be assuming the expertise of a vocational expert which he clearly is not.

Notwithstanding the ALJ's rejection of Dr. McCrorey's opinion on the ultimate issue of Petitioner's disability, the ALJ did in fact incorporate Dr. McCrorey's medical findings in his decision.  *But cf.* Pet.'s Brief, pp. 6-7 ("The ALJ . . . cannot simply ignore the treating physician['s] opinion(s) and Petitioner's medical records[8] when writing his decision, even if he

---

incomplete conclusion of the treatment note (AR 248), and (2) Dr. McCrorey's acknowledgment on January 25, 2007 that he evaluated Petitioner on February 2, 2006 (AR 253).

[8] Petitioner contends that Dr. McCrorey's reports are represented by pages 172-181 and 237-259 of the record.  *See* Pet.'s Brief, p. 5 (Docket No. 14).  However, pages 237-244 are two days' worth of emergency room records from Deaconess Medical Center.  Although he may have been "cc'ed" on three of the five reports, Dr. McCrorey did not author any of them.  Moreover, pages 180-181 are pathology reports from Sacred Heart Medical Center, testing Petitioner's "mole" specimen.  As to those reports from Spokane Falls Family Clinic where Dr. McCrorey actually works, three reports deal with an irritated mole (AR 177-179), one report deals with a cough (AR 246), two reports deal with dental pain (AR 250-251), and one report deals with abdominal pain (AR 252).

**MEMORANDUM DECISION AND ORDER - 12**

rejects the doctor's opinions.")  For example, the ALJ considered Petitioner's February 2, 2006 examination with Dr. McCrorey, acknowledging Dr. McCrorey's observations that:

- Petitioner walks with a limp, while keeping "his left knee essentially straight with only slight flexion."  (AR 26) (citing AR 247);

- Petitioner has pain with overhead reaching on the right, but has free range of motion of the right shoulder with its strength intact.  (AR 26) (citing 248);

- Petitioner has no lower extremity edema, with regular pulses and good capillary refill.  (AR 26) (citing AR 248); and

- Petitioner's left patella is absent and his left knee flexes only about ten degrees.  (AR 26) (citing AR 248).

The ALJ also looked to Dr. McCrorey's January 25, 2007 examination of Petitioner, again recognizing Dr. McCrorey's findings that:

- Petitioner walked with a limp and could not bend his left knee beyond ten degrees.  (AR 27) (citing AR 253);

- Petitioner has normal and symmetric grip strength and [deep tendon reflexes].  (AR 27) (citing AR 254);

- Petitioner has diminished range of motion of the cervical region of the spine and tenderness in the cervical, paraspinous, and bilateral trapezious regions.  (AR 27) (citing AR 254).[9]

Therefore, where Dr. McCrorey's treatment notes reflected his medical findings as to Petitioner's physical condition, the ALJ properly took note, incorporating them into the body of his analysis.  However, where those findings invaded the exclusive province of the ALJ when determining whether Petitioner suffers from a covered disability, the ALJ properly set them aside.  *See* 20 C.F.R. §§ 404.1527(e)(3), 416.927(e)(3) ("We will not give any special significance to the source of an opinion on issues reserved to the Commissioner . . . .")

---

[9] The ALJ tempered this finding when he recognized that Petitioner was just six months status post-cervical diskectomy and fusion.  (AR 27).

**MEMORANDUM DECISION AND ORDER - 13**

Additionally, Dr. McCrorey's opinions are not uncontradicted. Even though Petitioner understandably argues that Dr. William R. Bozarth's opinions should be disregarded (*see* Pet.'s Brief, pp. 10-11 (Docket No. 14); *see also infra* at p. 15, n. 11), they nonetheless apply to oppose Dr. McCrorey's opinions if, by "disabled" (*see* AR 248, 254), Dr. McCrorey is suggesting that Petitioner is incapable of working.

For example, following Petitioner's physical examination with Dr. Bozarth and a review of Petitioner's medical history (AR 260-276),[10] Dr. Bozarth opined that Petitioner could lift 11-20 pounds frequently and 25 pounds occasionally; carry up to ten (10) pounds frequently and 11-20 pounds occasionally; sit up to two (2) hours without interruption for a total of six (6) hours in an eight (8)-hour workday; walk for 30 minutes at a time for a total of one (1) hour in an eight (8)-hour workday; occasionally reach overhead with the upper extremities; occasionally push/pull with the upper extremities; frequently reach, handle, finger and feel; occasionally operate foot controls with the right foot; rarely climb ramps and stairs; and occasionally balance and stoop. (AR 27-28) (citing AR 277-281). On a more practical level, Dr. Bozarth believed that Petitioner could perform activities like shopping; travel without a companion or assistance; ambulate without assistance; walk a block at a reasonable pace on rough or uneven surfaces; use standard public transportation; climb a few steps at a reasonable pace with the use of a single

---

[10] Among the materials Dr. Bozarth reviewed is a March 30, 2005 Residual Functional Capacity Assessment, reviewed and affirmed on July 6, 2005 (AR 199-204). Although completed nearly two years *after* Petitioner's alleged onset date, the reviewing physician determined that Petitioner still maintained the ability to climb, balance, stoop, kneel, crouch, and crawl. (AR 201) Still, the ALJ recognized that, following the May 10, 2007 administrative hearing, Petitioner was actually more limited (consistent with Dr. Bozarth's findings) than this 2005 Residual Functional Capacity Assessment. (AR 28).

**MEMORANDUM DECISION AND ORDER - 14**

hand rail; prepare a simple meal and heal himself; care for his personal hygiene; and sort, handle, and use paper/files. (AR 28) (citing AR 282).[11]

Thus, Petitioner incorrectly states that the ALJ failed to explain why he failed to give controlling weight to Dr. McCrorey's opinions. *See* Pet.'s Brief, p. 5 (Docket No. 14). Simply put, Dr. McCrorey's opinion as to whether Petitioner is disabled is not his to make and, therefore, not controlling. The ALJ succinctly stated as much when he explained: "[T]he final determination of disability is reserved to the Commissioner. It is for this reason that the undersigned has rejected Dr. McCrorey's conclusion that the claimant is permanently disabled." (AR 28). Further, Dr. McCrorey's conclusions, even if compatible with the applicable regulations, are not uncontradicted. The record therefore supplies substantial evidence of the specific and legitimate reasons supporting the ALJ's decision in this respect which this Court is not in a position to disturb.[12]

---

[11] Petitioner separately claims that, by referring to Petitioner's halo pain as "a diagnosis usually reserved for angels" (AR 265), Dr. Bozarth's entire opinion represents a literal joke and, therefore, should not be considered. *See* Pet.'s Brief, pp. 10-11 (Docket No. 14). However, it is clear from the record that Dr. Bozarth was parroting what another medical provider, Dr. Scott C. Edminster, stated following Dr. Edminster's July 29, 2006 examination (AR 240-241), further contradicting Petitioner's belief that "Scott C. Edminster, M.D., did not examine the Petitioner" (*See* Pet.'s Brief, p. 7 (Docket No. 14). True, it is unclear from the record what Dr. Bozarth meant by this statement; yet, even when considered in the most distasteful, unsympathetic, and embarrassing light (which the Court certainly does not so hold here), its consequence is not so severe as to discount Dr. Bozarth's entire opinion. This lone criticism, even if legitimate, will not poison the remainder of Dr. Bozarth's findings.

[12] Petitioner contends that the ALJ "had a duty to 'conduct an appropriate inquiry' by either subpoenaing the physician, submitting further questions to the physician, or continuing the hearing to supplement the record" if he wanted to know the basis of Dr. McCrorey's opinion. *See* Pet.'s Brief, p. 7 (Docket No. 14) (citing *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996)). An ALJ is required to re-contact a doctor only if the doctor's report is ambiguous or insufficient for the ALJ to make a disability determination. 20 C.F.R. §§ 404.1512(e), 416.912(e). Here, the ALJ, with support from the record, found the balance of evidence

**MEMORANDUM DECISION AND ORDER - 15**

      3.      <u>Using a Medical Expert at the Administrative Hearing</u>

Petitioner's final argument contends that the ALJ should have used a medical expert at the administrative hearing level. *See* Pet.'s Brief, p. 8 (Docket No. 14). According to Petitioner, the failure to utilize a medical expert at the hearing level "creates in effect, the denial of any possibility of obtain[ing] a finding that the claimant's condition, or combination of conditions, 'meets' or 'medically equals' a listing." *Id*. However, here, Petitioner does not question the ALJ's decision at step-three of the sequential analysis that he "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments . . . ." (AR 23).

Moreover, Petitioner argues that "when there is a conflict of medical opinions and no [medical examiner], it is almost always fatal to the claimant's case." *Id*. Yet, in doing so, Petitioner fails to consider the standard of review that must apply when medical opinions conflict and how that standard is affected by whether an opinion is one of a treating physician, examining physician, or reviewing physician. *See supra* at pp. 10-11. The ALJ addressed those standards, applied them in a sensible, coherent fashion, and in so doing, resolved any conflict in the medical testimony without the need to bring in additional medical testimony. Petitioner may well prefer that the ALJ seek another medical reviewer for the obvious reason that such a review might enhance his position that he is disabled under the Social Security statutes. However, neither the record in this case nor the governing law requires the procedure that Petitioner prefers. Similarly, this Court has no reason to impose here such a procedure upon the ALJ.

---

adequate to make a determination regarding Petitioner's disability. Therefore, an inquiry was not necessary. *See, e.g.*, *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

**MEMORANDUM DECISION AND ORDER - 16**

Nevertheless, Petitioner seems to offer only a generic observation/complaint regarding the administrative review protocol as a whole, without any real application to the ALJ's conclusions generally, or his decision-making process specifically. Without more, and without a statutory or regulatory mandate, this Court cannot compel what is neither warranted nor required.

## IV.  CONCLUSION

The ALJ is the fact-finder and is solely responsible for weighing and drawing inferences from facts and determining credibility. *Allen*, 749 F.2d at 579; *Vincent ex. Rel. Vincent*, 739 F.2d at 1394; *Sample*, 694 F.2d at 642. If the evidence is susceptible to more than one rational interpretation, one of which is the ALJ's, a reviewing court may not substitute its interpretation for that of the ALJ. *Key*, 754 F.2d at 1549.

I am of the opinion that the evidence upon which the ALJ relied can reasonably and rationally support his well-formed conclusions, despite the fact that such evidence may be susceptible to a different interpretation. In fact, if I had been the finder-of-fact, I may well have reached a different conclusion; but, on the record, that is not the function of a federal judge reviewing a Social Security determination.

Accordingly, the ALJ's decisions as to both Dr. Bagby's and Dr. McCrorey's opinions are based on proper legal standards and supported by substantial evidence. Therefore, I conclude that the Commissioner's determination that Petitioner is not disabled within the meaning of the Social Security Act is supported by substantial evidence in the record and is based upon an application of proper legal standards.

Accordingly, the Commissioner's decision is affirmed.

**MEMORANDUM DECISION AND ORDER - 17**

## V.  ORDER

Based on the foregoing, the decision of the Commissioner is AFFIRMED and this action is DISMISSED in its entirety with prejudice.

DATED:  **February 11, 2009**

Honorable Ronald E. Bush
U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 18**